**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

KATHERINE LUTHER,

        Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, L.L.C., a Delaware limited liability company,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

### PARTIES

7.      Plaintiff, Katherine Luther, is a natural person.

8.      The Plaintiff resides in the City of Greeley, County of Weld, State of Colorado.

9.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.    Defendant, Portfolio Recovery Associates, L.L.C., is a Delaware limited liability company operating from an address at 120 Corporate Boulevard, Norfolk, Virginia, 23502.

11.    The Defendant's registered agent in the state of Colorado is National Registered Agents, Inc., 1535 Grant Street, Suite 140, Denver, Colorado, 80203.

12.    The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    The Defendant is licensed as a collection agency by the state of Colorado.

14.    The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15.    The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16.    Sometime before 2008 the Plaintiff allegedly incurred financial obligations that were primarily for personal, family or household purposes namely amounts due and owing on personal accounts owed to GE Money Bank F.S.B. / Dilliards and HSBC Card Services (hereinafter the "Accounts").

17.    The Accounts each individually constitute a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.    The Accounts went into default with the original creditor.

19.    Sometime after the Accounts went into default the Accounts were placed or otherwise transferred to the Defendant for collection.

20.    The Plaintiff disputes the Accounts.

21.     The Plaintiff requests that the Defendant cease all communication on the Accounts.

22.     In the year prior to the filing of the instant action the Plaintiff received telephone calls from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Accounts.

23.     In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representatives, employees and / or agents of the Defendant in response to the telephone calls.

24.     The Defendant's purpose for these telephone calls was to attempt to collect the Accounts.

25.     The telephone calls conveyed information regarding the Accounts directly or indirectly to the Plaintiff.

26.     The telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27.     The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Accounts.

28.     The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Accounts.

29.   The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Accounts.

30.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts represented to the Plaintiff that she had fill out paperwork to dispute the Accounts with the Defendant.

31.   The representation stated in paragraph 30 was false and was a false representation in connection with the collection of a debt, the Accounts.

32.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts represented to the Plaintiff that she could not dispute the Accounts over the phone and that the dispute had to be in writing.

33.   The representations stated in paragraph 32 were false and were false representations in connection with the collection of a debt, the Accounts.

34.   During the communications the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Accounts represented to the Plaintiff that they would take her to Court on the Accounts.

35.   The representation stated in paragraph 34 was false and was a false representation in connection with the collection of a debt, the Accounts.

36.    The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

37.    The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

38.    The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(5), e(7), e(10) and e(11).

39.    The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

40.    The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debts.

41.    The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

42.    As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

43.   The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

44.   The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned herein.

45.   The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned herein.

46.   The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

47.   The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

48.   As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

49.   The previous paragraphs are incorporated into this Count as if set forth in full.

50.   The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(5), e(7), e(10), e(11) and § 1692f preface.

51.   The Defendant's violations are multiple, willful and intentional.

52.   Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.      Actual damages under 15 U.S.C. § 1692k(a)(1).

2.      Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.      Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> _s/ David M. Larson_____
> David M. Larson, Esq.
> 405 S. Cascade Avenue, Suite 305
> Colorado Springs, CO 80903
> (719) 473-0006
> Attorney for the Plaintiff